Smith, J.
In this case it is assigned for error that the court of common pleas erred in sustaining the demurrer of the defendant below to the petition of the relator, and on failure to amend, in dismissing the action. Was there error in this ruling?
In substance the petition alleged, that the relator was a resident of sub-school district No. 2, Tate township, Clermont county, Ohio; the owner of real estate therein, and a tax payer therein. That he had a daughter thirteen years of age living with him and constituting a part of his family, and entitled to all the rights, privileges and conveniences provided for her by the school laws of the state and that the defendant is the duly organized and acting board of education of said Tate township.
The petition of the relator further avers that the defend, ant has failed, neglected and refused, and still refuses, though often requested so to do, .to make provision necessary for the convenience and prosperity of the school now being taught in said sub-district, in this, to-wit: ■ to provide any means of crossing Poplar creek, at the public road *12 crossing of said creek,near the school house.in which school is taught in said sub-district, although said creek is impassable a part of the school year for the children of the relator and a number of other children of school age residing in said sub-district, who are compelled to cross said creek in order to attend said school; that there is no bridge, foot track, or other means provided for crossing said creek within said district, nor has there been any during the ■present school year, although a foot track, or other means of crossing has been, and still is necessary in order that the' children of school age in said district may attend the public schools therein.
He further alleges that there is money in the treasury of ■the defendant to the credit of the fund out of which the expense of providing said crossing could be paid, sufficient for that purpose, and not otherwise appropriated.
Therefore he prayed that a writ of mandamus may issue requiring the board to provide a means of crossing the said creek, in said district, at the public road-crossing of said creek, near the school house in said sub-district, and for other relief.
Even if it be considered that in a proper case, and where it clearly appears that a board of education has failed and refused, on proper request, to make provision necessary for the comfort and convenience of the scholars (or part of them) in a particular district by the making of an improvement like that sought in this case, we are of the opinion that on the averments of this petition, a good cause of action is not stated. In the first place, it should appear that such an improvement is necessary, and this does not appear in this case. It is averred that said ■creek is impassable for a part of the school year, at the public road-crossing thereof, near the school house in question, but for how much of said school year does not appear. It may be only for an hour, a day, or a few days. It is *13 further averred that there is no bridge, foot track, or other means provided for crossing said creek within said district. For all that appears there may be already such a crossing outside of the district, and which would be just as convenient for the children who have to cross the stream as a bridge at the public crossing referred to. In the second place, we see no provision of the statute, mandatory in its character or otherwise, which requires or authorizes boards of education to make any such improvement, or give to it any power to erect a bridge over or along a public highway, or condemn the right to do so. But even if the petition contained facts which showed that the bridge at this point was necessary, and the law conferred upon the board of education the right to erect such structure at this point, we think the case of State ex rel. v. County Commissioners,vol. 49 Ohio St., 301, affirming the judgment of this court, shows that an action of this kind can not be maintained. It is there held,that “the expediency of the construction or repairs of a bridge under sec. 4938, Rev. Stats., rests in the administative discretion , of the county commissioners, and such discretion can not be controlled by mandamus.”
Frazier & Hides, for Plaintiff in Error:
Nichols, Pros. Atty., for Defendant in Error.
The principle decided in that case applies much more strongly to this. Sec. 4938, is much more mandatory id its terms requiring the commissioners to build and. keep in repair all necessary bridges in the county on county roads, (and it was conceeded that the bridge there in controversy was a necessary one), than any statute providing for improvements for school houses, by boards of education. And yet the court held that the question whether a particular bridge shall be constructed by them, was for the determination of the commissioners, in the exercise of their administrative functions.
For these reasons the judgment of the court of common pleas will be affirmed.